## WALLER, ET AL. v. GIBBS & LABUZAN.

1. When a witness ultimately liable to the defendant, is examined by him, previous to his answering the bill, and the witness is afterwards made a party defendant, his deposition may be read by the complainant, if the facts to entitle the complainant to the relief sought, are admitted by the answer of the new party. Under such circumstances, he is a competent witness for the complainant, and his deposition will not be rejected because taken without the order of the court, or previously to his being made a party.

2. When the parties before answer, consent that one set of depositions, al-

though taken in different suits, involving the same question, *may be read* in all the suits, it is competent for the complainant to read the evidence, although taken by the defendant, but crossed by the other party.

Writ of Error to the Court of Chancery for the 2st District.

THE bill in this case was filed by Gibbs & Labuzan, against Waller, in the first instance, and afterwards it was amended, by making one Williams a party defendant, but without seeking any relief against him. The case made by the bill is briefly this, to wit: Waller had obtained a judgment against one Lunsford, at the July term of the county court for the county of Greene, in the year 1840. Lunsford applied to the complainants to be his sureties on a writ of error bond ; they consented, and signed a blank printed skeleton bond. The next day after this signing, Labuzan, for himself and his co-plaintiff, called on the clerk, the defendant, Williams, and directed him not to fill up the blanks. The clerk however, filled up the bond, and gave the usual certificate to Waller, who afterwards obtained an affirmance of the judgment against Lunsford and the complainants, as his sureties. The bill prays that Waller may be perpetually enjoined from proceeding on this bond, against the complainants.

The bill was filed the 25th June, 1840, but no answer was made by Waller until the 19th December, 1844. On the 6th March, 1843, the complainants obtained an order to amend the bill, by making Williams a party defendant, and his answer came in on the 5th June of the same year. The answer of Waller denies the allgations of the bill and calls for proof ; and that of Williams admits the bond was signed in blank, with instructions for him to fill the same at a more convenient time ; but these instructions were revoked by Labuzan, for himself and Gibbs, before the blanks were filled. Williams considering his duty to be so, filled up the blanks, notwithstanding the request not to do so.

Before the order was obtained for making Williams a party to the bill, to wit, on the 21st November, 1842, he had been

Waller, et al. v. Gibbs & Labuzan.

examined on interrogatories, as a witness, in another case between the complainants and other defendants, of precisely the same nature. These interrogatories were crossed by the complainants, and the testimony of the witness establishes the facts alledged in the bill.

At the hearing, the complainants proposed to read the testimony of this witness, taken in another cause, under an agreement in these words, to wit: "To save expense in the case of Gibbs & Labuzan v. Frost & Dickinson, and in all the cases in which the same question is involved, in the Chancery Court at Eutaw, it is agreed that one set of depositions may be read in all the cases as if taken in them all; and further, to avoid trouble and expense, the interrogatories and commission may be taken out now : and the deposition so taken may be read without exception as to the form of caption." This is signed by the solicitors of the parties, and dated 16th Nov. 1842.

The defendants objected to its being read—

1. Because the agreement was made when Williams was not a party, and does not refer to or embrace the case.

2. Because Williams is now a party, and interested in the case.

3. If held a deposition in the cause, then Waller declines to read the evidence, and objects to the defendants' doing so.

4. Waller objects because Williams is a party defendant, and interested in the controversy, and was so when the deposition was taken.

The Chancellor allowed the deposition, and perpetuated the injunction previously awarded.

It is now assigned as error, that the Chancellor erred in perpetuating the injuction, and in allowing the deposition to be read.

METCALF, for the plaintiff in error, insisted—

1. The agreement did not extend to, or cover this cause.

2. It being taken by the defendant, Waller, the mere cross examination of the witness by the complainants, does not authorize them to use it when the defendant declines to read it. [Barbour Ch. P. 286; Gresley, 287.]

3. It was the duty of the complainants in the first instance, to have made Williams a party to the bill, and their omission to do this, cannot invest them with the right to examine him. An interested party cannot be examined against his consent. [Brooks v. Harrison, 2 Ala. Rep. 209; Gibbs & Labuzan v. Frost & Dickinson, 4 Ib. 720; 1 Barbour, 259, 283.]

3. All depositions with us are taken *de bene esse*, and although Williams, when examined was not in a condition to object, yet afterwards, coming in as a party, his deposition cannot be read. [Gary v. Frost & Dickinson, 5 Ala. Rep. 636; Jones v. Scott, 2 Ib. 56.]

5, Waller should not have been decreed to 'pay costs, as as he is in no fault. [Hunt v. Swan, 4 S. & P. 146; Cutler v. Heard, 3 Johns. Ch. 61.] These should have been decreed against Williams. [Gray v. Thompson, 2 Johns. Ch. 166.]

H. I. THORNTON, contra, argued—

1. It was clear from the interrogatories, and cross-interrogatories, that the same question was involved in the suit in which the deposition was taken, and therefore it is within the agreement. As to the effect of the agreement, see 3 Marsh. 236; 3 Litt. 157. It is also admissible under rules 19 and 20 regulating practice in chancery. See also, 1 Ala. Rep. N. S. 59; 1 Smith's Ch. P. 305; 5 Paige, 638; 2 Cond. En. Ch. R. 2; 4 Ala. R. 720.

2. If Williams had been a party to the bill when his deposition was taken, it was the right of complainants to have his testimony, and his co-defendants could only object on the score of interest, and as he swears against his interest, there can be no objection by his co-defendant. [1 Bibb, 154; 1 Barb. Ch. P. 264; 259; Gresley, 249; Gilbert's Ev. 139.] This is not a case where a decree could be had, or is sought, against Williams, 1 Barb. Ch. P. 258.]

3. Williams cannot object to complainants' availing themselves of his testimony against his co-defendant, no decree being sought against him. The rule is, " that a party cannot be made to assist by his testimony, and in the same suit be proceeded against by the complainant." Complain-

ant may examine a witness against interest, provided no decree against him is demanded. [1 Cox. 344; 1 Ves. jr. 410; 5 Paige, 632; 1 Bland. 268.]

4. In every case a complainant may have the testimony of one defendant against another, subject to the exception of interest, except, however, when the personal rule applies, that you cannot make a witness give evidence to get a decree against himself. [3 Litt. 228.]

5. Although an order is required by the rules of court, to take the deposition of a co-defendant, yet it is a matter of course to grant the motion, and further, the testimony of a party to a cause, if taken without any order, will be good against the party who called the witness, and also against others who have waived objections. [2 Edwards, 399.]

GOLDTHWAITE, J.—We do not understand the plaintiff in error as denying the identity of the question involved in this suit, with that involved in the one in which the deposition was taken. In the absence of a specific objection in the court below, pointing directly to that cause, we think it must be taken that this suit is included in that agreement. The precise point which the counsel presented in the court below, seems to have been, not that the agreement did not extend to this cause as well as the others, but that Williams was not bound by it, inasmuch as, when made, he was no party to these suits, and therefore is bound by no previous stipulations in regard to them. It is too evident to require illustration or argument, that a party, who becomes so after proof is taken in a cause, and is not the representative of some party previously made, he is not bound by it, for the reason that no opportunity has been given him to cross-examine. That, however, is not this case, as here there was no necessity for proof against the new party, because his answer admits every fact which is essential to the relief of the complainants.

The only reason why Williams is a necessary party to this suit is, for the protection of his co-defendant, by concluding him if the complainants have a decree. [Harrison v· Brooks, 2 Ala. Rep. 209; Gibbs v. Frost, 4 Ib. 720.] When therefore he entered into the consent rule, and took out the com-

mission to examine Williams, the defendant must be considered as declining to insist on his being made a party, and certainly if he had then answered, without raising the objection, the omission of Williams would not have prejudiced the complaints. If under such circumstances, the deposition of Williams was competent evidence, and made out the case why should there be a re-examination? Certainly not to accumulate proof against the defendant, as to whom the case was already proved. As to the new party it was equally unnecessary, in consequence of the admissions of the bill. Indeed it may well be questioned whether the evidence of Williams could be used against his co-defendant, if his own answer did not admit the complainant's case. The rule is, that a complainant cannot have an adverse decree against a defendant whom he examines as a witness ; and the reason is, it would be charging him by his evidence, which, as against himself, can only be obtained by his answer in the usual way. [Palmer v. Van Dosen, 2 Edwards, 192,] But when it appears from the answer of a defendant, or from his having suffered the bill to be taken as confessed, that he is ultimately liable, he stands indifferent, and may be examined as a witness. [Lupton v. Lupton, 2 John. Ch. 614; Bradley v. Root, 5 Paige, 632.] It is not necessary to inquire how far the relation of this witness to the cause would be changed, if his answer was entitled to be considered as denying the equity of the bill. As the case stands, we think his deposition is not liable to exception, on account of his being subsequently made a party to the suit, and that it is within the terms of the agreement.

2. It remains only to inquire whether, when the party taking the deposition declines to use it, the opposite party, who has cross-examined may do so. It seems to admit of question, whether under the practice pursued under the English courts of chancery, the complainant is entitled to read the cross examination of the defendant's witnesses, when the latter declines to read the examination in chief. [Smith v. Biggs, 5 Sim. 391.] We can readily assent there is an apparent incongruity in allowing the complainant to make his case out of a cross-examination, but even with this idea in view, it does not seem to be a sufficient reason to prevent

either party from availing themselves of evidence which is partially their own by the cross examination. But waiving this inquiry in the present case, as well as the effect of our own rules, we think the consent to take the depositions, and that the same *might be read,* entitles either party to read them as a part of his own case.

We are unable to perceive any error in the questions argued, and have purposely omitted all consideration of the correctness of the decree, as it seems not to be questioned.

Decree affirmed.